(112 App. Div. 338)

### BIOGIONI v. EGLEE BUNTING CO.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

APPEAL—PRESENTATION OF GROUNDS FOR REVIEW—MOTION TO DISMISS.

     Though defendant moved to dismiss at the close of plaintiff's case, where such motion was not renewed at the close of the entire evidence, the action of the trial court in submitting the issues to the jury is not open to review.

     [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1302.]

     Hooker and Jenks, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Oreste Biogioni, an infant, by Peccini Emelio, his guardian ad litem, against the Eglee Bunting Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Judgment and order affirmed, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Gustav R. Hamburger, for appellant.

George W. Alger, for respondent.

WOODWARD, J. The plaintiff, an inexperienced Italian boy 17 years of age, was employed by the defendant in constructing a piece of railroad and ballasting the same in the city of Mt. Vernon. A car loaded with stones and dirt was being pushed by hand up an incline track, which had been constructed the day before. The plaintiff was one of the men so employed, under the direction of one Doran, the foreman. While the car was upon this incline, the whistle blew indicating quitting time, and the gang abandoned their work and started away. The car, thus left, started back down the track, and the foreman ordered the plaintiff to take his bar and stop the car; at least, there was evidence from which the jury might properly reach this conclusion. In attempting to obey this order of the foreman, the plaintiff was crushed under the bar which he used, in such a manner as to require the amputation of one of his limbs. The issues were submitted to the jury under a charge to which there are no pertinent exceptions, and a verdict for $10,000 has been found for the plaintiff. The defendant appeals from the judgment entered upon such verdict, and from the order denying a motion for a new trial upon the minutes, under the provisions of section 999 of the Code of Civil Procedure.

The action is brought under the provisions of the employers' liability act (chapter 600, p. 1748, Laws 1902), and the questions urged on this appeal are, for the most part, not open to the defendant, because not raised upon the trial. The defendant made a motion to dismiss at the close of plaintiff's case on various grounds, and took an exception to the refusal of the court to grant the motion; but at the close of the whole case this motion was not renewed, and the rule is well established that a failure to move at the close of the entire evidence for the dismissal of the complaint operates as an admission or concession that there are questions for the jury, and these, when dis-

posed of by the triors of fact, are not open to review in the absence of such a motion.

An examination of the questions raised fails to convince us that the judgment is contrary to law, and all of the questions of fact being conclusively established by the verdict of the jury, the judgment appealed from, as well as the order, must be affirmed.

The judgment and order should be affirmed, with costs.

GAYNOR, J., concurs. HIRSCHBERG, P. J., concurs in result.

HOOKER, J. (dissenting). In view of the large amount of the verdict, I am of the opinion that the court cannot say that the remarks of the learned trial justice, commencing at folio 160, did not influence the size of the verdict, and perhaps this is a case where it should be reduced. The rule of law laid down in the opinion, at the close of the last proposition in the second paragraph, is not the true one, viz., "and these, when disposed of by the triors of fact, are not open to review in the absence of such a motion." Should the defendant fail, after having made a motion to dismiss the complaint at the close of plaintiff's case, to move for a direction at the close of the entire case, he might yet raise the question that the verdict was against the weight of evidence by a motion for a new trial.

JENKS, J., concurs.